## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Northern District of Texas (Fort Worth) |
|---|---|---|
| Name *(under which you were convicted)*: Sean Alexander Harris | | Docket or Case No.: 4:20-cr-00305-O-1 |
| Place of Confinement: FCI TEXARKANA, P.O. BOX 7000, TEXARKANA, TX 75505 | | Prisoner No.: 11537-509 |
| UNITED STATES OF AMERICA      V. | | Movant *(include name under which convicted)* Sean Alexander Harris |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   US Courthouse, 406 U.S. Courthouse, 501 West 10th Street, Fort Worth TX 76102-3639

   (b) Criminal docket or case number (if you know): 4:20-cr-00305-O-1

2. (a) Date of the judgment of conviction (if you know): 3/7/2022

   (b) Date of sentencing: 4/22/2021

3. Length of sentence: 144 Months

4. Nature of crime (all counts):

   (1), Count(s) 1s. Pursuant to the Sentencing Reform Act of 1984, as amended, it is the judgment of the Court that the defendant, Sean Alexander Harris, in 4:20-CR-305-O(01), is hereby committed to the custody of the Federal Bureau of Prisons for a period of ONE HUNDRED FORTY-FOUR (144) months for Possession/Distribution of Meth

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐     (2) Guilty ☑     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

   See Docket 4:20-cr-00305-O-1, or Plea Agreement

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☑

8. Did you appeal from the judgment of conviction?    Yes ☐    No ☑

*[FILED stamp: U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS, MAR 2 4 2022, CLERK, U.S. DISTRICT COURT, By ___ Deputy]*

AO 243 (Rev. 01/15)     Page 3

9. If you did appeal, answer the following:
    (a) Name of court: N/A
    (b) Docket or case number (if you know): N/A
    (c) Result: N/A
    (d) Date of result (if you know):
    (e) Citation to the case (if you know): N/A
    (f) Grounds raised:
    N/A

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☑
       If "Yes," answer the following:
       (1) Docket or case number (if you know): N/A
       (2) Result: N/A
       (3) Date of result (if you know):
       (4) Citation to the case (if you know):
       (5) Grounds raised:
       Unknown at this time.

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐    No ☑

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: N/A
         (2) Docket or case number (if you know): N/A
         (3) Date of filing (if you know):

         (4) Nature of the proceeding: N/A
         (5) Grounds raised: N/A

N/A

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐   No ☑
    (7) Result: N/A
    (8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:
    (1) Name of court: N/A
    (2) Docket of case number (if you know): N/A
    (3) Date of filing (if you know):
    (4) Nature of the proceeding: N/A
    (5) Grounds raised:

N/A

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐   No ☑
    (7) Result: N/A
    (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
    (1) First petition:       Yes ☐   No ☑
    (2) Second petition:  Yes ☐   No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE PLEA PHASE, PRETRIAL, AND SENTENCING PHASE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner submits that Counsel was ineffective during the plea phase, pretrial and sentencing phase because Counsel failed to investigate, procure, apprise Petitioner of the facts, omitted and misleaded Petitioner with vital case information, demonstrated half-heartedness performance, failed to expalin the PSR, failed to inform Petitioner of any plea negotiation attepts, failed to present Petitioner with the plea document, failed to adequately consult with Petitioner.

Had Counsel, not misleaded or decieved Petitioner, engaged in plea negotiations, investigated that facts, and challenged self serving statements used against Petitioner, Petitioner would not have enetered a plea of guilty and in its stead proceeded to trial or sought the most favorable plea offer.

* Please See Memorandum of Points and Authorities and Affidavit Attached herein.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ✔

(2) If you did not raise this issue in your direct appeal, explain why:

Not appropriate on direct review, unable to identify all grounds due to lack of resources, ineffective assistance of counsel, and record underdeveloped at this time.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ✔

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:   N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know):   N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ✔

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ✔

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ✔

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND TWO:** COUNSEL'S INEFFECTIVE ASSISTANCE RENDERS VOIDS GUILTY PLEA BECAUSE IT WAS ENTERED UNKNOWINGLY, UNINTELLIGENTLY, AND INVOLUTARILY

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner Bucio submits that his Guilty plea was unconstitutionally entered rendering null and void because it was entered unknowingly, unintelligently and involuntarily due to Counsel Beck's misleading, inaccurate, deceptive, and ommited set of facts and advice. The PSR was not explained, the elements to the charges, the Sentencing Guidelines and Petitioner's Level on the U.S.S.G. Counsel Beck exhibited his desire to a speedy disposition of Petitioner's case.
Had Counsel Beck apprised, properly informed, procured an interpreter, not misleaded or decieved Petitioner, engaged in plea negotiations, investigated that facts, and challenged self serving statements used against Petitioner, Petitioner would not have enetered a plea of guilty and in its stead proceeded to trial or sought the most favorable plea offer.

* Please See Memorandum of Points and Authorities and Affidavit Attached herein.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Not appropriate on direct review, unable to identify all grounds due to lack of resources, ineffective assistance of counsel, and record underdeveloped at this time.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

**GROUND THREE:** COUNSEL WAS INEFFECTIVE FOR HIS DEFECTIVE ADVICE AND INTENTIONAL INACCURATE AND MISLEADING OF FACTS

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner submits that Counsel was ineffective for his defective advice intentional inaccurate and misleading of advice and facts to Petitioner.
Had Counsel apprised, properly informed, not misleaded or decieved Petitioner, engaged in plea negotiations, investigated that facts, and challenged evidence used against Petitioner, Petitioner would not have enetered a plea of guilty and in its stead proceeded to trial or sought the most favorable plea offer.

\* Please See Memorandum of Points and Authorities and Affidavit Attached herein.

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

Not appropriate on direct review, unable to identify all grounds due to lack of resources, ineffective assistance of counsel, and record underdeveloped at this time.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐    No ☑

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐    No ☑

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐    No ☑

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available).
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND FOUR:** The Sentencing Disparity Violates Petitioner's Due Process Rights and Counsel was Ineffective for his failure to Object, Challenge, Preserve for Appeal and Appeal

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Sentencing Disparity violates Petiitoner's Due Process rights and Counsel was ineffective for his failure to Object, Challenge, Preserve for Appeal and Appeal. See, United States v. Booker, 125 S.Ct. 738 (2005) and Blakely v. Washington, .124 S.Ct. 2531 (2004).

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ✔

(2) If you did not raise this issue in your direct appeal, explain why:

Not appropriate on direct review, unable to identify all grounds due to lack of resources, ineffective assistance of counsel, and record underdeveloped at this time.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ✔

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐ No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Unable to identify all grounds due to lack of resources, ineffective assistance of counsel, and record underdeveloped at this time.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

    (a) At the preliminary hearing:
    Defense - Cody Cofer, James Luster

    (b) At the arraignment and plea:
    Defense - Cody Cofer, James Luster

    (c) At the trial:
    N/A

    (d) At sentencing:
    Defense - Cody Cofer, James Luster

    (e) On appeal:
    N/A

    (f) In any post-conviction proceeding:
    N/A

    (g) On appeal from any ruling against you in a post-conviction proceeding:
    N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?        Yes [✔]        No [ ]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes [ ]        No [✔]

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
    N/A

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?        Yes [ ]        No [✔]

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

    I was sentenced on April 22, 2021, it is being filed before and or within the one-year congressionally mandated grace perios in which to file 2255's. Hence, this motion / Petition is timely.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

    (1) the date on which the judgment of conviction became final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)                                                                                          Page 13

Therefore, movant asks that the Court grant the following relief:
Grant an evidentiary hearing to allow Petitioner to present testimony, witnesses and evidence; Appoint Counsel; Issue an Order directing Respondent and Former Counsel file an Answer; Grant Petitioner Leave to utilize Discovery Tools .

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on  3 / 16 / 2022  .
(month, date, year)

Executed (signed) on   3/16/2022   (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

# Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody
### (Motion Under 28 U.S.C. § 2255)

### INSTRUCTIONS

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

5. A filing fee is not required to file a motion to vacate, set aside or correct a federal sentence under 28 USC 2255.

6. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

7. When you have completed the form, send the original and one copy to:
   Clerk, United States District Court
   Northern District of California
   450 Golden Gate Ave.
   San Francisco, CA 94123

8. If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

10. CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

Sean Alexander
Reg. No. 11537-509
FCI Texarkana
Federal Correctional Institution
PO Box 7000
Texarkana, TX 75505





RECEIVED
MAR 24 2022
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

SPOKANE PADC
MON 21 MAR 20

United States District Court
406 U.S. Courthouse
501 West 10th Street
Fort Worth, TX 76102-3639



X-RAY