Sean Alexander Harris
Reg. No. 11537-509
FCI TEXARKANA
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 7000
TEXARKANA, TX 75505

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 2 4 2022
CLERK, U.S. DISTRICT COURT
By_____ Deputy

# UNITED STATES DISTRICT COURT
## Northern District of Texas (Fort Worth)

| | |
|---|---|
| SEAN ALEXANDER HARRIS, | Case Number: **4:20-cr-00305-O-1** |
| Plaintiff(s), | |
| vs. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION |
| UNITED STATES OF AMERICA, | |
| Defendant(s). | |

### MEMORANDUM OF POINTS AND AUTHORITIES

Petitioner and respectfully submits this Memorandum of Points and Authorities in Support of his Title 28 U.S.C. Section 2255 Petition. Petitioner's Title 28 U.S.C. Section 2255 Petition is timely filed.

# GROUNDS FOR RELIEF

GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE PLEA PHASE, PRETRIAL, AND SENTENCING PHASE..........4

GROUND ~~TWO~~-COUNSEL'S INEFFECTIVE ASSISTANCE RENDERS VOIDS HARRIS'S GUILTY PLEA BECAUSE IT WAS ENTERED UNKNOWINGLY, UNINTELLIGENTLY, AND INVOLUTARILY................................................................4

GROUND THREE: COUNSEL WAS INEFFECTIVE FOR HIS DEFECTIVE ADVICE AND INTENTIONAL INACCURATE AND MISLEADING OF FACTS.........................................................5

GROUND FIVE: COUNSEL WAS INEFFECTIVE FOR HIS LACK OF CONSULTTATION.................................................................6

**PREAMBLE**
**(Facts adopted in part, not in full)**

GROUNDS FOR RELIEF

The right to effective assistance of counsel is found in the Sixth Amendment to the United States Constitution. The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right...to have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. This right was comprehensively discussed in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

In Strickland, supra, the Supreme Court set forth the two-prong test for establishing ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a convicted defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, at 687 – 88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Strickland, at 689 – 90.

Moreover, the Constitutional guarantee of counsel under the Sixth Amendment has been construed to include four rights: The right to counsel, the right to effective assistance of counsel, the right to a preparation period sufficient to ensure minimal level of quality of counsel, and the right to be represented by counsel of one's own choice.

After a defendant's Sixth Amendment right to counsel attaches, he has a right to the advice of counsel at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial. United States v. Wade, 388 U.S. 218 (1967).

### GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE PLEA PHASE, PRETRIAL, AND SENTENCING PHASE

Petitioner submits that Counsel was ineffective during the plea phase, pretrial and sentencing phase because Counsel failed to investigate, apprise Petitioner of the facts, omitted and misleaded Petitioner with vital case information, demonstrated half-heartedness performance, failed to explain the information contained in the PSR and any Objections, failed to inform Petitioner of any plea negotiation attempts, failed to properly present Petitioner with the plea document, failed to adequately consult with Petitioner. Had Counsel apprised, properly informed, not misleaded or deceived Petitioner, engaged in plea negotiations, investigated the facts, and challenged self-serving statements used against Petitioner, Petitioner would not have entered a plea of guilty and in its stead proceeded to trial or sought the most favorable plea offer.

### GROUND TWO: COUNSEL'S INEFFECTIVE ASSISTANCE RENDERS VOIDS HARRIS'S GUILTY PLEA BECAUSE IT WAS ENTERED UNKNOWINGLY, UNINTELLIGENTLY, AND INVOLUTARILY

Petitioner submits that his Guilty plea was unconstitutionally entered rendering null and void because it was entered unknowingly, unintelligently, and involuntarily due to Counsel's misleading, inaccurate, deceptive, and omitted set of facts and advice. The PSR was not explained, the elements to the charges, the Sentencing Guidelines and Petitioner's Level on the U.S.S.G. Counsel exhibited his desire to a speedy disposition of Petitioner's case. Had Counsel apprised, properly informed, not misleaded or deceived Petitioner, engaged in plea negotiations, investigated the facts, and challenged self-serving statements used against Petitioner, Petitioner would not have entered a plea of guilty and in its stead proceeded to trial or sought the most favorable plea offer.

In order for a guilty plea to be valid, the Constitution imposes "the minimum requirement that [the] plea be the voluntary expression of [the defendant's] own

4

choice." Brady, 397 U.S. at 748. Because it operates as a waiver of important constitutional rights, the plea must also be entered "knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady, 397 U.S. at 748). It must reflect "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). In evaluating the constitutional validity of a guilty plea, "courts look to the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness." Walton v. Angelone, 321 F.3d 442, 462 (4th Cir. 2003) (internal citation omitted).

Petitioner submits that numerous cases make it perfectly clear that a guilty plea based on such misinformation is constitutionally invalid. Smith v. O'Grady, 312 U. S. 329, 334 (1941); Henderson v. Morgan, 426 U. ...S. 780 (1979), actually supports the contrary proposition: that a constitutionally invalid guilty plea may be set aside on collateral attack whether or not it was challenged on appeal.

## GROUND THREE: COUNSEL WAS INEFFECTIVE FOR HIS DEFECTIVE ADVICE AND INTENTIONAL INACCURATE AND MISLEADING OF FACTS

Petitioner submits that Counsel was ineffective for his defective advice intentional inaccurate and misleading of advice and facts to Petitioner. Further failed to explain the substance of the PSR.

\* Please See Memorandum of Points and Authorities and Affidavit Attached herein.

Had Counsel apprised, properly informed, not misleaded or deceived Petitioner, engaged in plea negotiations, investigated the facts, and challenged self-serving statements used against Petitioner, Petitioner would not have entered

5

a plea of guilty and in its stead proceeded to trial or sought the most favorable plea offer.

**GROUND FOUR: THE SENTENCING DISPARITY BETWEEN CODEFENDANTS VIOLATED PETITIONER'S DUE PROCESS RIGHTS AND COUNSEL'S WAS INEFFECTIVE FOR HIS FAILURE TO OBJECT, CHALLENGE, PRESERVE FOR APPEAL AND APPEAL**

The Sentencing Disparity violates Petitioner's Due Process rights and Counsel was ineffective for his failure to Object, Challenge, Preserve for Appeal and Appeal. See, United States v. Booker, 125 S.Ct. 738 (2005) and Blakely v. Washington, .124 S.Ct. 2531 (2004).

**GROUND FIVE: COUNSEL WAS INEFFECTIVE FOR HIS LACK OF CONSULTTATION**

Petitioner submits that Counsel was ineffective for his lack of consultation. During the pretrial and sentencing phase, counsel failed to explain the elements, failed to explain the Sentencing Guidelines, failed to show Petitioner the PSR and explain the substance of the PSR, and failed to explain and show the evidence to Petitioner. During visits, Counsel simply indicated to plead. The lack of consultation might well support a finding of ineffective assistance of counsel [United States exrel. Washington v. Maroney, 428 F.2d 10 (3d Cir. 1970)], but the amount of time counsel spends with the defendant is only one factor to be weighed in determining the effectiveness of representation. O'Neal v. Smith, 431 F.2d 646(5th Cir. 1970); Brinegar v. United States, 290 F.2d 656 (6th Cir. 1961).

Had Counsel adequately consulted with Petitioner, the proceedings would have been different, and Petitioner would have not ended with a lengthy sentence.

## AN EVIDENTIARY HEARING IS NECESSARY AND WOULD BE USEFUL TO THE COURT

Title 28, United States Code Section 2255 provides that a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released or for reduction of sentence may move the court which imposed the sentence to vacate, set aside, or correct the sentence. This section also provides as follows:

> "Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

28 U.S.C. Section 2255

In the instant case, as set forth in Petitioner's Section 2255 Petition and Affidavits, Petitioner has pleaded, presented evidence, and argued to demonstrate that his conviction and sentence is violative of his Sixth Amendment right to effective assistance of counsel during the plea negotiation phase.

While many of the material allegations concern events which took place outside the courtroom and are not, therefore, part of the "files and records," these allegations require an evidentiary hearing under well settled law. Stoia v. United States, 24 F.3d 766, 768 (7th Cir. 1994); Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (same); Nichols v. United States, 75 F.3d 1137, 1145-46 (7th Cir. 1996)(petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel when record inconclusive on issue); United States v. Witherspoon, 231 F.3d 923; 2000 U.S. App. LEXIS 27778 (4th Cir. 11-6-00)(petitioner entitled to evidentiary hearing when motion presented colorable claim and unclear whether counter affidavit disputed defendant's allegations).

Here, Petitioner induced by Counsel to sign a plea agreement and enter a plea of guilty. Petitioner argues that his conviction and sentence are violative of his Sixth Amendment right to effective assistance of counsel because "any amount of jail time has a Sixth Amendment significance." Glover v. United States, 531 U.S. 198, 203, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001).

## RELIEF REQUESTED

For the above-named reasons, Petitioner prays that this Court:

i. Issue a writ of habeas corpus to have Petitioner brought before the Court to the end that he may be discharged from this unconstitutional conviction;

ii. Require Respondent to bring forth and file with this Court accurate and complete copies of all documents and proceedings relating to Petitioner's conviction and sentence;

iii. Permit Petitioner to amend this Petition to include any additional claims or allegations not presently known to him, that are identified or uncovered in the course of review, discovery, investigation, and litigation of this habeas corpus Petition;

iv. Require Respondent to file an answer in the form prescribed by the Rules Governing § 2255 proceedings, admitting or denying each and every factual allegation set forth in this Petition;

v. Permit Petitioner to conduct and utilize the procedures for discovery under Rule 6 of the Rules Governing § 2255 proceedings and Fed.R.Civ.P. 26 – 37, to the extent necessary to fully develop and identify the facts supporting this Petition, and any defenses thereto raised by Respondent's Answer;

vi. Conduct an evidentiary hearing to resolve any factual disputes in relation to the claims in this Petition, by Respondent's Answer to this Petition, or by Petitioner's Response to any affirmative defenses raised in Respondent's Answer;

vii. Issue a writ of habeas corpus Granting new proceedings to cure all constitutional defects in the federal proceedings that resulted in Petitioner's Federal conviction;

viii. Issue an Order appointing Counsel for Petitioner for this habeas corpus proceeding; and

ix. Grant such other and further relief as may be deemed just and proper.

## VERIFICATION

I, the Petitioner, state as follows:

a) I am a pro se pauper in federal custody; and
b) Based on my first-rate personal knowledge, and a review of the limited record, I know all the facts described in this Petition and verify them as true.

I declare under penalty of perjury pursuant to Title 28 U.S.C. 1746, and under the laws of this State that the foregoing is true and correct to the best of my ability.

Dated this 7th day of March, 2022.

Signature Name: _____

Sean Alexander Harris
Reg. No. 11537-509

## CONCLUSION

WHEREFORE, for the reasons stated above, Petitioner prays this honorable Court Grant Petitioner the relief he seeks.

Dated this March 7th, 2022.

Sign Name: _____

Sean Alexander Harris
Reg. No. 11537-509
FCI TEXARKANA
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 7000
TEXARKANA, TX 75505

## CERTIFICATE OF SERVICE

I, Petitioner, hereby, certifies and declares that on March 7th, 2022, I mailed the original of the following: <u>1) Title 28 U.S.C. Section 2255 Petition; 2) DECLARATION OF SEAN HARRIS IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION; and 3) Memorandum of Points and Authorities in Support of Title 28 U.S.C. Section 2255 Petition.</u>

Which is deemed filed at the time it was delivered to prison legal mail authorities for forwarding, Houston v. Lack, 101 L. Ed. 2d 245 (1998), upon the below mentioned, by placing same in sealed, postage prepaid envelope addressed to:

United States District Court
406 U.S. Courthouse
501 West 10th Street
Fort Worth TX 76102-3639

And deposited same in the United States Legal Mail System at the:

FCI TEXARKANA
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 7000
TEXARKANA, TX 75505

I declare under penalty of perjury pursuant to Title 28 U.S.C. 1746, and under the laws of this State that the foregoing is true and correct to the best of my ability.

March 7th 2022.

Sign Name: _____

Sean Alexander Harris
Reg. No. 11537-509
FCI TEXARKANA
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 7000
TEXARKANA, TX 75505