IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **SEAN ALEXANDER HARRIS,** <br> Institutional ID No. 11537-509 <br><br> Movant, <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> Civil Action No. 4:22-cv-214-O <br> (Criminal No. 4:20-cr-305-O (1)) |

## ORDER

On December 2, 2020, Sean Alexander Harris entered a plea of guilty to one count of conspiracy to possess a controlled substance with intent to distribute. On April 22, 2021, the Court adjudged Harris guilty and sentenced him to 144 months' imprisonment, a term that, as a result of the parties' agreed upon downward variance, was eight years *below* the recommended guideline term of imprisonment. *See* J., ECF No. 55, *United States v. Harris*, 4:20-CR-00305-O-1. Harris did not appeal his conviction or sentence.

Before the Court is Harris's 28 U.S.C. § 2255 motion challenging the legality of his conviction and sentence. Proceeding pro se, Harris claims that his attorneys, Cody Cofer and James Luster, provided him ineffective assistance of counsel ("IAC") during plea negations and at sentencing, in violation of the Sixth Amendment. Harris seeks an evidentiary hearing and permission to conduct discovery. *See* Mot., Decl., & Br., ECF Nos. 1–3.

Respondent answers that Harris's motion should be denied because it is conclusory and otherwise has no merit. *See* Resp., ECF No. 8. The deadline for Harris to file a reply to Respondent's response has lapsed. To date, Harris has not filed a reply or objected to Respondent's response.

The Court has carefully reviewed the parties' pleadings, the record in Harris's underlying criminal case, and the applicable law. For the reasons stated in Respondent's response, the Court concludes that Harris has failed to demonstrate that he is entitled to relief under § 2255.

Specifically, the Court concludes that Harris's claims are wholly conclusory. Harris makes generalized, conclusional allegations that his attorneys were ineffective for failing to investigate, properly advise and consult with him, explain the presentence investigation report to him, and negotiate on his behalf. But Harris does not plead any *facts* whatsoever that are specific to his case in support of his claims. In fact, it appears that Harris's petition and brief may have been copied from another inmate's forms, as they reference "Petitioner Bucio" and "Counsel Beck," two persons who are unknown to the Court and were not involved in Harris's criminal case. *See* Mot., ECF No. 1 at 5.

In addition, as argued by Respondent, the Court concludes that Harris, for each of his IAC claims, has failed to demonstrate that his attorneys' alleged deficient performance prejudiced his defense, which is required to prevail on an IAC claim under *Strickland v. Washington*, 466 U.S. 668 (1974). In particular, Harris has failed to show that there is a reasonable probability that, but for his attorneys' alleged errors, he would have not pleaded guilty and would have insisted on going to trial.[1]

---

[1] In the context of guilty pleas, a movant satisfies the *Strickland* "prejudice" requirement by showing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994) (*citing Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Assuming arguendo that Cofer and Luster's performance was deficient, which the Court in no way implies that it was, Harris fails demonstrate that there is reasonable probability that he would have not entered his guilty plea but for Cofer and Luster's alleged errors. The record in Harris's underlying criminal case demonstrates his consistent desire to cooperate with the government in hopes of receiving a more lenient sentence. There is no evidence that Harris, at any time before sentencing, was not satisfied with Cofer and Luster's performance or raised any reservation about entering a guilty plea. Because Harris's *post hoc* self-serving declaration statement lacks contemporaneous evidentiary backing, the Court concludes that it is insufficient to warrant an evidentiary hearing on his claims or otherwise demonstrate prejudice under *Strickland* /*Hill*. *See Lee v. United States*, 137 S. Ct. 1958,

Harris's § 2255 motion is, therefore, **DENIED**. For the same reasons, the Court concludes that reasonable jurists could not question the Court's resolution of Harris's claims. As a result, the Court **DENIES** a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); *see also* FED. R. APP. P. 22(b)(1).

**SO ORDERED** this **7th day** of **December, 2022**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

1968 (2017) (instructing that courts should not upset a plea solely because of *post hoc* assertions from a defendant that his attorney's ineffectiveness is what caused him to plead guilty; judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences); *see also United States v. Newton*, No. 19-11196, 2002 WL 4116914, at *2 (5th Cir. 2022) (citations omitted) (affirming district court's denial of § 2255 motion without an evidentiary hearing where petitioner's *post hoc* assertion that he would have insisted on going to trial if properly advised about a possible motion to suppress lacked contemporaneous backing).